```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X    05 CIV 2590 (SAS)
IBETO PETROCHEMICAL INDUSTRIES,
LTD.,
                        Plaintiff,            ANSWER WITH
                                               AFFIRMATIVE
         -against-                             DEFENSES

M/T "BEFFEN", her engines, tackle,
boiler, etc in rem; and BRYGGEN
SHIPPING AND TRADING A/S, in
personam,
                        Defendants.
-----------------------------------------X
```

Defendant BRYGGEN SHIPPING & TRADING A.S. ("BRYGGEN"), by its attorneys MAHONEY & KEANE, LLP, answers the Complaint of plaintiff upon information and belief, and without waiver of any right to arbitrate or proceed in another forum, as follows:

FIRST: Defendant BRYGGEN denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "FIRST", "SECOND" and "SEVENTH" of plaintiff's Complaint.

SECOND: Defendant BRYGGEN denies each and every allegation contained in paragraphs "THIRD", "FOURTH", "FIFTH", "SIXTH", "EIGHTH" and "NINTH" of plaintiff's Complaint.

<u>AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRD: The Complaint fails to state a claim against

defendant BRYGGEN on which relief can be granted.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH: Defendant BRYGGEN is not liable to plaintiff on the causes of action alleged in the Complaint.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH: If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the defendant BRYGGEN is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which defendant BRYGGEN is liable, said damages must be limited pursuant to 46 U.S.C.A. 1304(5).

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH: If there was any loss of and/or damage to cargo as alleged in the Complaint, defendant BRYGGEN is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH: If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the defendant BRYGGEN is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, <u>et</u> <u>seq</u>.

<u>AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINTH: Defendant BRYGGEN puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

<u>AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TENTH: Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of defendant BRYGGEN or on board the carrying vessel(s) arose from the conditions of the goods when delivered to defendant BRYGGEN or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and defendant BRYGGEN is not under any liability for any such loss or damage.

<u>AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

ELEVENTH:  (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, defendant BRYGGEN is not under liability therefore.

<u>AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWELFTH:  Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

<u>AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRTEENTH:  Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom defendant BRYGGEN had and has no direction or control.

<u>AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTEENTH:  Plaintiff knowingly and intentionally

assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of defendant BRYGGEN and as such plaintiff is barred from recovery in this action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH: Plaintiff herein has failed to mitigate its damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH: The forum is inconvenient and the Complaint should be dismissed pursuant to the Doctrine of Forum Non Conveniens.

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH:  The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH:  The terms of the bill of lading, tariff, contract of affreightment and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST:  Plaintiff has failed to bring defendants BRYGGEN within the personal jurisdiction of the Court.

AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND:  This Court lacks personal jurisdiction of the defendant BRYGGEN.

AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD:  Plaintiff has failed to make proper service of process upon defendant BRYGGEN.

6

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

### AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which defendant BRYGGEN is liable, said damages must be limited pursuant to 46 U.S.C.A. 1304(5).

WHEREFORE, defendant, BRYGGEN SHIPPING & TRADING A.S., demands judgment dismissing the Complaint herein, and awarding BRYGGEN SHIPPING & TRADING A.S. costs, fees, including reasonable attorneys' fees, disbursements of this action, and such other and further relief as to the Court may seem just and proper.

Dated: New York, N.Y.
       August 5, 2005

                  MAHONEY & KEANE, LLP
                  Attorneys for Defendants
                  BRYGGEN SHIPPING & TRADING A.S.

By: _____
     Garth S. Wolfson (GW 7700)
     111 Broadway
     New York, New York 10006
     (212) 385-1422
     File 19/3215/B/05/8

TO:   HILL RIVKINS & HAYDEN LLP
      Attorneys for Plaintiff
      45 Broadway  Suite 1500
      New York, NY 10006
      (212) 669-0600

STATE OF NEW YORK     :
                      :  SS.:
COUNTY OF NEW YORK    :

        MARIE T. CUSH being sworn says:  I am not a party to the action, am over 18 years of age and reside at 311 Travers Place, Lyndhurst, N.J.

        On August 5, 2005, I served a true copy of the annexed ANSWER WITH AFFIRMATIVE DEFENSES

TO:  HILL RIVKINS & HAYDEN LLP
     Attorneys for Plaintiff
     45 Broadway  Suite 1500
     New York, NY 10006
     (212) 669-0600

on this date by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service.

                                               MARIE T. CUSH

Sworn to before me this
5th day of August, 2005

_____
    Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5076941
Qualified in New York County
Term Expires 1/28/07