Thomas E. Willoughby (TW-4452)
HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, NY 10006
(212) 669-0600
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IBETO PETROCHEMICAL INDUSTRIES, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> M/T "BEFFEN", her engines, boiler, tackle, equipment, etc., *in rem*, and BRYGGEN SHIPPING AND TRADING A/S, *in personam*, <br><br> Defendants. | DOCKET NO.: 05-CV-2590 (SAS) <br><br> **NOTICE OF MOTION** |

**PLEASE TAKE NOTICE** that Plaintiff IBETO PETROCHEMICAL INDUSTRIES, LTD., by its attorneys Hill Rivkins and Hayden LLP, will move before the United States District Court in the Southern District of New York for an Order dismissing the present action, 05-CV-2590 without prejudice.

Dated: New York, New York

    September 7, 2005

                                      HILL RIVKINS & HAYDEN LLP
                                      Attorneys for Plaintiffs

By: _____
                                      Thomas E. Willoughby (TW-4452)
                                      45 Broadway, Suite 1500
                                      New York, NY 10006
                                      (212) 669-0600
                                      fax (212) 669-0699


TO:    MAHONEY & KEANE LLP
       Attorneys for Defendants,
       M/T BEFFEN and BRYGGEN SHIPPING AND TRADING A/S
       111 Broadway, 10th Floor
       New York, NY 10006
       Attn: Edward A. Keane, Esq.

HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212)-669-0600
Fax: (212)-669-0699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IBETO PETROCHEMICAL INDUSTRIES, LTD.,

        Plaintiff,

vs.

M/T "BEFFEN", her engines, boiler, tackle, equipment, etc., *in rem*, and BRYGGEN SHIPPING AND TRADING A/S, *in personam*,

        Defendants.

---

DOCKET NO.: 05-CV-2590 (SAS)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

PRELIMINARY STATEMENT

This action involves a cargo of petroleum products that was transported onboard the M/T Beffen from Paulsboro, New Jersey to Lagos, Nigeria arriving on or about March 5, 2004. Upon arrival of the vessel the cargo was observed to be damaged. The plaintiff, receiver/assured, commenced suit against the vessel and her owners in the Nigerian Federal Court on or about March 19, 2004. The M/T BEFFEN was subsequently arrested and security was posted with the Federal High Court of Nigeria by the vessel's P & I Club in the form of a bank guarantee issued by the Union Bank of Nigeria on or about July 8, 2004. The case in Nigeria remains pending and is being

1

prosecuted by counsel. Negotiations began with the vessel's P & I Club in an attempt to settle the case and obtain new and substitute security. While the settlement negotiations were going forward and while plaintiff was awaiting word from counsel in Nigeria as to the status of the case, on March 5, 2005, plaintiff demanded arbitration in London and commenced suit in New York with the sole purpose of protecting the time for suit. Plaintiff advised the vessel's P & I Club representatives in New York that Plaintiff intended to proceed with the Nigerian action. Plaintiff instructed counsel in London to discontinue the action in London, which was done. It was also the plaintiff's intention to dismiss the present action pending before this Court, however before this could be done a copy of the Answer to the Complaint was served upon plaintiff.

POINT I

THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR A VOLUNTARY DISMISSAL BECAUSE DEFENDANT WILL NOT SUFFER LEGAL PREJUDICE

Under the Federal Rules of Civil Procedure the plaintiff may voluntarily dismiss pursuant to Rule 41(a)(1)(i): "by filing a notice of dismissal at any time before service by the adverse party of an answer or motion for summary judgment…" If an answer or motion for summary judgment has been filed, "an action shall not be dismissed at the plaintiff's instance save upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). However, district courts have wide discretion in determining whether to grant a plaintiff's motion to dismiss under Rule 41(a)(2), and such decisions are reviewed only for abuse of discretion. *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 49 (1st Cir. 1981). Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal. *Id.* at 50. Further, the basic purpose of

2

Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss actions so long as no other party is prejudiced. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).

In the Second Circuit:

> [f]actors relevant to a court's decision whether or not to grant a motion to dismiss without prejudice include: [1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

*Catazano v. Wing*, 277 F.3d 99 (2d Cir. 2001).

A voluntary dismissal should be without prejudice unless it is found that the defendant will suffer "legal prejudice". *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d at 50. In *Puerto Rico Maritime Shipping Authority* the federal district court had before it plaintiff's motion for voluntary dismissal and defendant's competing motion to dismiss for laches and lack of (admiralty) subject matter jurisdiction. The plaintiff intended to avoid the risk of losing the issue of federal subject matter jurisdiction and instead intended to pursue its claim in the Puerto Rico Commonwealth court system. The defendant later changed its position and abandoned its motion to dismiss for lack of admiralty jurisdiction, instead arguing that there was admiralty jurisdiction and solely seeking a dismissal for laches with prejudice. The First Circuit held that the district court did not abuse its discretion in disposing of the case by considering only the plaintiff's motion. It also found the plaintiff's reasons for seeking the dismissal satisfactory and noted that the defendant would apparently not be legally prejudiced because they would not "be precluded from raising any defenses, or asserting any claims, in the [Puerto Rico]

Commonwealth court." *Id.* at 50-51. Other considerations of "legal prejudice" applied by the First Circuit apparently include the same or similar factors to those annunciated by the Second Circuit; whether the defendant has expended significant resources in defending the abandoned action, whether the fruits of those expenditures will be usable in subsequent proceedings, and whether the suit was merely brought to harass the defendant. *Id.* at 50-51.

In the present case since plaintiff's counsel received an Amended Answer on August 11, 2005, Rule 41(a)(1) does not apply and the plaintiff seeks a voluntary dismissal with permission of the court under Rule 41(a)(2). Under the facts of this dispute defendant will suffer no prejudice if the suit is dismissed without prejudice. The case is in the preliminary stages, the answer and the amended answer being the only responsive pleadings. Defendants clearly have not expended significant resources in defending this action. Additionally, the suit was not brought subsequent to the Nigerian action for purpose of harassment but was brought merely as a precaution to protect the time for suit as the parties pursued settlement negotiations. Finally, all defenses and potential arguments by defendants can be presented to the court in Nigeria where the action was first filed. Consequently, since there is no evidence of "legal prejudice" the case should be dismissed without prejudice.

## POINT II

### DEFENDANTS "COUNTERCLAIMS" ARE ACTUALLY DEFENSES AND DO NOT PREVENT THE GRANTING OF A DISCRETIONARY VOLUNTARY DISMISSAL

Rule 41(a)(2) also states:

> If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

Where the defendant asserts a counterclaim before the plaintiff seeks a discretionary voluntary dismissal, the court must determine whether the counterclaim can be independently adjudicated by the court in the absence of the plaintiff's claim. The court may in its discretion dismiss the plaintiff's claims and independently adjudicate the counterclaim, or may in some instances still determine that the plaintiff's claims should not be dismissed. "On the other hand, if the counterclaim cannot exist alone, the Court is precluded from allowing the action to be dismissed." *Hinfin Realty Corp. v. The Pittston Company*, 206 F.R.D. 350, 354 (E.D.N.Y. 2002).

However, "when a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." Fed. R. Civ. P. 8(c). Thus, in *Kleid v. Ruthbell Coal Co.*, 131 F.2d 372 (2d Cir. 1942), where an affirmative defense was mislabeled a counterclaim the district court was within its discretion in granting plaintiff's motion for a voluntary dismissal. This same option was also followed by the district court in *Hinfin Realty Corp. v. The Pittston Company* where the defendant did not seek affirmative relief for an injury via its "counterclaims" but rather presented purely defensive allegations.

Furthermore, it has been stated that a defendant's motion to compel arbitration is not a counterclaim for specific performance and therefore does not prevent a district court from granting a motion for voluntary dismissal. *Capon v. Ladenburg, Thalman Co.*, 92 Fed.Appx. 400, 2004 WL 42380 (9th Cir. 2004) ("[Defendant] also fails in his argument

that the motion to compel arbitration is a counterclaim for specific performance, prohibiting the court from dismissing the complaint without prejudice under Rule 41(a)(2). [Defendant] offers no authority for that proposition, and we have found none."). The Ninth Circuit also declares: "A motion of this kind, which seeks to determine the forum of resolution of an opponent's claim for relief, is no more a counterclaim than is a motion to change venue on forum non conveniens grounds, or a motion to transfer under 28 U.S.C. §1631." *Id.* at 401.

In the present case, defendant has styled two defensive allegations as counterclaims. It seeks: (1) "…an order declaring that plaintiff's claims are required to be arbitrated in London and enjoining further proceedings in other fora inconsistent with the agreement to arbitrate." (Defs.' Am. Answer, First Counter-Claim, at 8); and (2) "…an order declaring that plaintiff's recovery, if any, against Bryggen shall be limited to $500." (Defs.' Am. Answer, First Second-Claim [sic], at 9). Both of these requests are in fact defenses masquerading in the form of requests for declaratory judgments; the first an objection based upon improper venue, as in *Capon v. Ladenburg, Thalman Co.*, and the latter a request for a preliminary determination as to limitation of liability. Since neither titled "counterclaim" seeks affirmative relief, the court, under Rule 8(c) may treat the allegations as defenses rather than counterclaims and properly grant plaintiff's motion for a voluntary dismissal pursuant to Rule 41(a)(2).

## CONCLUSION

For the foregoing reasons plaintiff's motion to dismiss without prejudice should be granted.

Dated:    New York, New York
            September 9, 2005

        Respectfully submitted,
        HILL RIVKINS & HAYDEN LLP
        Attorneys for Plaintiff

By: _____
        Thomas E. Willoughby (TW-4452)
        45 Broadway, Suite 1500
        New York, New York 10006
        (212) 669-0600

HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212)-669-0600
Fax: (212)-669-0699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IBETO PETROCHEMICAL INDUSTRIES, LTD.,

        Plaintiff,

vs.

M/T "BEFFEN", her engines, boiler, tackle, equipment, etc., *in rem*, and BRYGGEN SHIPPING AND TRADING A/S, *in personam*,

        Defendants.

DOCKET NO.: 05-CV-2590 (SAS)

**DECLARATION OF THOMAS E. WILLOUGHBY IN SUPPORT OF MOTION TO DISMISS**

---

I Thomas E. Willoughby, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1.    I am an attorney for Plaintiff Ibeto Petrochemicals Industries, Limited in the above-captioned matter and I make this affirmation in support of Plaintiffs' motion to dismiss.

    2.    The claim in this case involves a cargo of petroleum products that were transported from Paulsboro, New Jersey to Lagos, Nigeria arriving on or about March 5, 2004.

    3.    Upon arrival of the vessel the cargo was observed to be damaged.

4. The plaintiff being the receiver of the cargo and the insured commenced suit against the vessel and her owners in Nigerian Federal Court on or about March 19, 2004.

5. The M/T BEFFEN was subsequently arrested and security was posted with the Federal High Court of Nigeria by the vessel's P & I Club in the form of a bank guarantee issued by the Union Bank of Nigeria on or about July 8, 2004.

6. The case in Nigeria remains pending and is being prosecuted by counsel.

7. In December 2004, St. Paul Fire & Marine Insurance Company ("St. Paul") paid the plaintiff's insurance claim and is fully subrogated to the rights of the assured, Ibeto Petrochemical Industries, Ltd.

8. St. Paul and the vessel's P & I Club began negotiations in an attempt to settle the case and obtain new and substitute security.

9. As the settlement negotiations proceeded, with the hope of a mutually acceptable resolution and while awaiting an update as to the status of the case in Nigeria from plaintiff's Nigerian counsel, purely as a precaution and to protect the time for suit, plaintiff demanded arbitration in London and filed this action in the Southern District of New York.

10. When settlement negotiations broke down plaintiff's New York counsel advised the vessel's P & I Club representatives in New York that plaintiff intended to pursue the first filed action in Nigeria only.

11. Thereafter counsel in London were instructed to discontinue the action in London, which was done.

12.  Plaintiff intended to dismiss this action under Rule 41(a)(1), however, prior to so moving was served with defendant's answer.

Dated: September 9, 2005.

_____
Thomas E. Willoughby (TW-4452)

3