UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X      **05 CIV 2590 (SAS)**
IBETO PETROCHEMICAL INDUSTRIES,
LTD.,

                          Plaintiff,

          -against-

M/T "BEFFEN", her engines, tackle,
boiler, etc  *in rem*; and BRYGGEN
SHIPPING AND TRADING A/S,  *in
personam,*

                          Defendants.
-------------------------------------------X


**MEMORANDUM OF LAW
IN SUPPORT OF MOTION**


Edward A. Keane (EK 1398)
Garth S. Wolfson (GW 7700)

     Of Counsel


**MAHONEY & KEANE, LLP
Attorneys for Defendant
BRYGGEN SHIPPING AND TRADING A.S.
111 Broadway, Tenth Floor
New York, New York 10006
(212) 385-1422**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..........................................ii

STATEMENT OF FACTS............................................1

ARGUMENT.....................................................1

    PRELIMINARY STATEMENT......................................1

    POINT I.       PLAINTIFF'S CLAIM SHOULD BE DISMISSED OR STAYED, DECLARED TO BE SUBJECT TO BINDING ARBITRATION IN LONDON, AND ENJOINED FROM BEING LITIGATED IN NIGERIA...................5

    POINT II.     IN THE ALTERNATIVE, AND WITH OUT WAIVER OF ARBITRATION, ANY RECOVERY BY PLAINTIFF SHOULD BE LIMITED TO $500 PURSUANT TO THE COGSA LIMITATION OF LIABILITY................11

    POINT III.    PLAINTIFF SHOULD NOT BE PERMITTED TO VOLUNTARILY DISMISS ITS CLAIM ABSENT A RULING ON THE ABOVE.........................12

    CONCLUSION..............................................18

# TABLE OF AUTHORITIES

*Page*

**Cases:**

ACE Capital Re. Overseas, Ltd. v. central United Life
Ins. Co., 307 F.3d 24 (2d Cir. 2002)..............................3

Alford v. Dean Witter Reynolds, Inc.,
975 F.2d 1161 (5th Cir. 1992)....................................3

All Pacific Trading Inc. v. M/V Hanjin Yosu,
7 F.3d 1427, 1994 A.M.C. 365, (9th Cir. 1993),
cert. denied, 1994 A.M.C. 2997 (1994)...........................2

Anderson v. Liberty Lobby Inc.,
477 U.S. 242, 248, 106 S. Ct. 2505 (1986)......................4

Associated Metals & Minerals Corp. v. M/V Arktis Sky,
1991 A.M.C. 1499 (S.D.N.Y. 1991).................................6

Atlantic Mutual Ins. Co. v. CSX Expedition, 00 Civ.
7668, 2003 U.S. Dist. LEXIS 13071 (S.D.N.Y. July 29, 2003).......15

B.F. McKernin & Co. v. United States Lines, Inc.,
416 F. Supp. 1068, 1976 A.M.C. 1527 (S.D.N.Y. 1976)..............2

Barretto Peat, Inc. v. Luis Ayala Colon Sucrs., Inc.,
896 F.2d 656 (1st Cir. 1990).....................................1

Bison Pulp & Paper Ltd. v. M/V Pergamos,
1996 A.M.C. 2022 (S.D.N.Y. 1995).................................6

Carnival Cruise Lines, Inc. v. Shute,
499 U.S. 585, 1991 A.M.C. 1697 (1991)...........................5

Celotex Corp. v. Catrett,
477 U.S. 317, 106 S. Ct. 2548 (1986)............................4

Citrus Marketing Bd. of Israel v. M/V Ecuadorean Reefer,
754 F. Supp. 229, 1991 A.M.C. 1042 (D. Mass. 1990)..............3

Colorado River Water Cons. Dist. v. United States,
424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)...........14

Continental Ins. Co. v. M/V Nikos N,
2002 A.M.C. 1287, 2002 U.S. Dist. LEXIS 6029 (S.D.N.Y. 2002)......7

Continental Ins. Co. v. Polish S.S. Co.,
346 F.3d 281 (2d Cir. 2003)......................................7

<u>Continental U.K. Ltd. v. Anagel Confidence Compania Naviera,
S.A.</u>, 658 F. Supp. 809 (S.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

<u>D'Alto v. Dahon California, Inc.</u>, 100 F.3d 281 (2d Cir. 1996) .13,15

<u>Dana Corp. v. The Goodyear Tire & Rubber Co.</u>, C.A. No. 85-
1162-W, 1985 U.S. Dist. LEXIS 15471 (D. Mass. Sep. 30, 1985) . . . . .16

<u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 213 (1985) . . . . . . . . . .5

<u>Ex parte Skinner & Eddy Corp.</u>,
265 U.S. 86, 44 S. Ct. 446, 68 L. Ed. 912 (1924) . . . . . . . . . . . . . . . .13

<u>F.D. Import & Export Corp. v. M/V Reefer Sun</u>,
248 F. Supp. 2d 240 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

<u>Farrell Lines Inc. v. Columbus Cello-Poly Corp.</u>, 32 F. Supp.
2d 118 (S.D.N.Y. 1997), <u>aff'd sub nom</u>, <u>Farrell Lines Inc. v.
Ceres Terminals</u>, 116 F.3d 115 (1998) . . . . . . . . . . . . . . . . . . . . . . . . .8,13

<u>Ferrostaal, Inc. v. M/V Eagle</u>, 2003 WL 214966, 2003 U.S.
Dist. LEXIS 10980, 2003 A.M.C. 1980 (S.D.N.Y. Jun. 20, 2003) . . . . .15

<u>Ferrostaal, Inc. v. Union Pacific R.R. Co.</u>,
109 F. Supp. 2d 146 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

<u>Fireman's Fund Ins. Co. v. Cho Yang Shipping Co.</u>,
131 F.3d 1336, 1998 A.M.C. 583 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . .6

<u>FMC Corporation v. S.S. Marjorie Lykes</u>,
851 F.2d 78, 1988 A.M.C. 2113 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . .11

<u>General Motors Corp. v. Moore-McCormack Lines</u>,
451 F.2d 24 (2d Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

<u>GFT U.S.A. Corp. v. M/V Export Freedom</u>,
1996 A.M.C. 1882 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

<u>Hagans v. Lavine</u>, 415 U.S. 528, 94 S. Ct. 1372,
39 L. Ed. 2d 577 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

<u>Harry Rich Corp. v. Curtiss-Eright Corp.</u>,
308 F. Supp. 1114 (S.D.N.Y. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

<u>Herbstein v. Bruetman</u>, 743 F. Supp. 184 (S.D.N.Y. 1990) . . . . . . . . .15

<u>Hughes, Hooker & Co. v. American S.S. Mutual Protection
and Indem. Assurance Ass'n</u>, 2005 U.S. Dist. LEXIS 11381,
2005 A.M.C. 1632 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

<u>Ikospentakis v. Thalassic S.S. Agency</u>,
915 F.2d 176 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

iii

<u>Import Export Steel Corp. v. Mississippi Valley Barge Line Co.</u>,
351 F.2d 503 (2d Cir. 1965).......................................6

<u>In re: Pan Am. Corp.</u>, 950 F.2d 839 (2d Cir. 1991)...............14

<u>International Fashion Prod's, B.V. v. Calvin Klein, Inc.</u>, No.
95 Civ. 0982 (JFK), 1995 U.S. Dist. LEXIS 2598 (Mar. 7, 1995).....8

<u>J.B. Harris, Inc. v. Razei Bar Indus., Ltd.</u>, 37 F. Supp. 2d
186, 188 (E.D.N.Y. 1998), <u>aff'd</u>, 181 F.3d 82 (2d Cir. 1999).......3

<u>J.C.B. Sales Ltd. v. Wallenius Lines</u>,
124 F.3d 586 (2d Cir. 1997).......................................5

<u>Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.</u>,
513 U.S. 527, 1995 A.M.C. 913 (1995)..............................1

<u>Jockey Int'l, Inc. v. M/V Leverkusen Express</u>,
217 F. Supp. 2d 447, 2002 A.M.C. 2377 (S.D.N.Y. 2002).............3

<u>Jones v. Securities & Exchange Comm'n</u>,
298 U.S. 1, 56 S.Ct. 654, 80 L. Ed. 1015 (1936)..................13

<u>Kanematsu Corp. v. M/V Gretchen W</u>,
1995 A.M.C. 2957 (D. Or. 1995)....................................2

<u>Kaystone Chem., Inc. v. Bow-Sun</u>,
1989 A.M.C. 2976 (S.D.N.Y. 1989)..................................7

<u>Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty</u>,
408 F.3d 1250, 2005 A.M.C. 1550 (9th Cir. 2005)...................3

<u>Leather's Best v. S.S. Mormaclynx</u>,
451 F.2d 800, 1971 A.M.C. 2383 (2d Cir. 1971).....................1

<u>Lucky Metals Corp. v. M/V Ave</u>,
1996 A.M.C. 265 (S.D.N.Y. 1995)...................................7

<u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1,
92 S.Ct. 1907, 32 L.Ed.2d 728, 1972 A.M.C. 1407 (1972)............5

<u>Marubeni Am. Corp. v. M/V Ohfu</u>,
1996 A.M.C. 1051 (S.D.N.Y. 1996)..................................3

<u>Metropolitan Wholesale Supply, Inc. v. M/V Royal Rainbow</u>,
12 F.3d 58 (5th Cir. 1994)........................................2

<u>Midland Tar Distillers, Inc. v. M.T. Lotos</u>,
362 F. Supp. 1311 (S.D.N.Y. 1973).................................6

<u>Milgrim v. Backroads, Inc.</u>,
142 F. Supp. 2d 471 (S.D.N.Y. 2001)...............................3

iv

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,
473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) ...............5

Mitsui & Co. (USA), Inc. v. Mira M/V,
111 F.3d. 36, 1997 A.M.C. 2126 (5th Cir. 1997) ...................5

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,
460 U.S. 1 (1983) ............................................5,15

National Automotive Publications, Inc. v. United States Lines,
Inc., 486 F. Supp. 1094, 1982 A.M.C. 2299 (S.D.N.Y. 1980) .........2

Oldroyd v. Elmira Savings Bank, FSB,
134 F.3d 72 (2d Cir. 1998) .......................................5

Petition of Imbrandtsen Co., 201 F.2d 281 (2d Cir. 1953) .........11

Phillips USA, Inc. v. Allflex USA, Inc.,
77 F.3d 354 (10th Cir. 1996) ....................................12

Reed & Barton Corp. v. M.V. Tokio Express,
1999 A.M.C. 1088 (S.D.N.Y. 1999) .................................6

Robalen, Inc. v. Generale de Banque, S.A.,
1998 U.S. Dist. LEXIS 3931 (S.D.N.Y. March 27, 1998) ..............6

Scherck v. Alberto-Culver Co.,
417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 290 (1974) ...............5

Seguros Banvenez S.A. v. Oliver Drescher,
761 F.2d 855 (2d Cir. 1985) ......................................5

SG Avipro Finance LTD. v. Cameroon Airlines, No. 05 Civ. 655
(LTS), 2005 U.S. Dist. LEXIS 11117 (S.D.N.Y. Jun. 8, 2005) ........8

Shipping Corp. of. India v. Pan Am. Seafood, Inc.,
583 F. Supp. 1555, 1985 A.M.C. 455 (S.D.N.Y. 1984) ...............16

Son Shipping Co. v. De Fosse & Tanghe,
199 F.2d 687, 1952 A.M.C. 1931, 1933 (2d Cir. 1952) ..............7

Southern Pacific Transp. Co. v. Commercial Metals,
456 U.S. 336 (1982) ..............................................2

Sparta Florida Music Group, Ltd. v. Chrysalis Records, Inc.,
552 F. Supp. 44 (S.D.N.Y. 1982) .................................13

Steel Warehouse Co. v. Abalone Shipping Ltd.,
114 F.3d 234, 1998 A.M.C. 2054 (5th Cir. 1998) ...................7

Stolt Tank Containers, Inc. v. Evergreen Marine Corp.,
962 F.2d 276, 1992 A.M.C. 2015 (2d Cir. 1992) ....................2

v

Thypin Steel Co. v. Asoma Corp.,
215 F.3d 273, 2000 A.M.C. 2041 (2d Cir. 2000)....................1

Thyssen, Inc. v. M/V Markos N, 1999 U.S. Dist. LEXIS 12578,
aff'd sub nom., Thyssen, Inc. v. Calypso Shipping Corp., 310
F.3d 102 (2d Cir. 2002), cert. denied, 123 S. Ct. 1573 (2003)...6,7

Timbauba Agricola S.A. v. M/V Cap San Raphael, 2004
U.S. Dist. LEXIS 24181, 2005 A.M.C. 139 (E.D. Pa. 2004)..........16

Tucker Anthony, Inc. v. Bankers Trust Co., No. 93 Civ. 1257,
1994 U.S. Dist. LEXIS 128 (S.D.N.Y. Jan. 7, 1994)...............15

Ulrich Amman Bldg. Equip. Ltd. v. M/V Monsun,
609 F. Supp. 87 (S.D.N.Y. 1985).................................12

Union Carbide Corp. v. M/V Michele,
764 F. Supp. 783 (S.D.N.Y. 1990)...............................11

Union Steel Am. Co. v. M/V Sanko Spruce,
1999 A.M.C. 372 (D. Or. 1998)...................................6

United Van Lines Inc. v. Hellman,
949 F. Supp. 126 (E.D.N.Y. 1996)................................2

Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,
515 U.S. 528, 1995 A.M.C. 1817 (1995)...........................5

Wakefield v. Northern Telecom Inc.,
769 F.2d 109 (2d Cir. 1985)....................................13

Wemhoener Pressen v. Ceres Marine Terminals, Inc.,
5 F.3d 734 (4th Cir. 1993)......................................2

*Statutes and Rules:*

9 U.S.C. § 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

9 U.S.C. § 201 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

United States Carriage of Goods by Sea Act,
46 U.S.C. § 1300 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1,10-12,18

Federal Bill of Lading Act, 49 U.S.C. § 810101 et seq. . . . . . . . . . . . .1

Fed. R. Civ. P. 9(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Fed. R. Civ. P. 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

Fed. R. Civ. P. 41(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13-14

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4,18

## STATEMENT OF FACTS

For an accurate statement of the pertinent facts established in this matter, the Court is respectfully referred to the Declaration of Edward A. Keane pursuant to Local Rule 56.1, sworn to on September 9, 2005.

## ARGUMENT

**PRELIMINARY STATEMENT.**

The Court enjoys subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331. Plaintiff's claim, as well as the counter-claims, fall under the Court's admiralty and maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, and the federal maritime law governs this action. Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 1995 A.M.C. 913 (1995); see also, Thypin Steel Co. v. Asoma Corp., 215 F.3d 273, 2000 A.M.C. 2041 (2d Cir. 2000); Leather's Best v. S.S. Mormaclynx, 451 F.2d 800, 1971 A.M.C. 2383 (2d Cir. 1971).

The Federal Bill of Lading Act (Pomerene Act) compulsorily applies to shipments from United States ports, 49 U.S.C. § 810101 et seq., and the provisions of the United States Carriage of Goods by Sea Act (COGSA) also apply by force of law to "[e]very bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade." 46 U.S.C. § 1300. All other claims arising under the bill of lading are preempted by federal law. See, Barretto Peat, Inc. v. Luis Ayala Colon Sucrs., Inc., 896 F.2d

1

656, 661 (1st Cir. 1990); GFT U.S.A. Corp. v. M/V Export Freedom, 1996 A.M.C. 1882, 1895 (S.D.N.Y. 1996); National Automotive Publications, Inc. v. United States Lines, Inc., 486 F. Supp. 1094, 1982 A.M.C. 2299, 2304 (S.D.N.Y. 1980); B.F. McKernin & Co. v. United States Lines, Inc., 416 F. Supp. 1068, 1071, 1976 A.M.C. 1527, 1529-30 (S.D.N.Y. 1976).

Under COGSA, the bill of lading constitutes the governing contract of carriage, and the parties to a shipment are bound by the bill of lading's terms. See, Southern Pacific Transp. Co. v. Commercial Metals, 456 U.S. 336, 342-43 (1982) ("[E]ach [term] has in effect the force of statute of which all effected must take notice."); Metropolitan Wholesale Supply, Inc. v. M/V Royal Rainbow, 12 F.3d 58, 61 (5th Cir. 1994); Wemhoener Pressen v. Ceres Marine Terminals, Inc., 5 F.3d 734, 738 (4th Cir. 1993); United Van Lines Inc. v. Hellman, 949 F. Supp. 126, 129 (E.D.N.Y. 1996) ("It is well-accepted that a bill of lading may not be modified by extrinsic or parol evidence."). A plaintiff suing under a bill of lading can not claim lack of notice of its provisions. All Pacific Trading Inc. v. M/V Hanjin Yosu, 7 F.3d 1427, 1432, 1994 A.M.C. 365, 571 (9th Cir. 1993) ("At the very least, plaintiff's initiation of this suit constituted acceptance of the terms of the . . . bills of lading."), cert. denied, 1994 A.M.C. 2997 (1994); Stolt Tank Containers, Inc. v. Evergreen Marine Corp., 962 F.2d 276, 1992 A.M.C. 2015, 2020 (2d Cir. 1992); Kanematsu Corp. v. M/V Gretchen W, 1995 A.M.C. 2957 (D. Or. 1995) ("[U]nder Sky Reefer, the fact that [plaintiff] did not sign the bill of lading or

directly consent to its conditions does not free it from the terms of the bill of lading."); <u>Citrus Marketing Bd. of Israel v. M/V Ecuadorean Reefer</u>, 754 F. Supp. 229, 231, 1991 A.M.C. 1042, 1046 (D. Mass. 1990).

Courts in this Circuit have treated applications to enforce forum-selection or arbitration agreements as motions under Rule 12(b)(3) based on improper venue. <u>Jockey Int'l, Inc. v. M/V Leverkusen Express</u>, 217 F. Supp. 2d 447, 2002 A.M.C. 2377, 2380 (S.D.N.Y. 2002); <u>J.B. Harris, Inc. v. Razei Bar Indus., Ltd.</u>, 37 F. Supp. 2d 186, 188 (E.D.N.Y. 1998), <u>aff'd</u>, 181 F.3d 82 (2d Cir. 1999); <u>see also</u>, <u>Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty</u>, 408 F.3d 1250, 1254, 2005 A.M.C. 1550 (9th Cir. 2005). "[P]ursuant to §3 of the [Federal Arbitration Act], where a party has not waived its right to arbitration, a district court has no discretion to deny a stay if a valid agreement to arbitrate exists and the claims at issue come within the scope of that agreement." <u>Hughes, Hooker & Co. v. American S.S. Mutual Protection and Indem. Assurance Ass'n</u>, 2005 U.S. Dist. LEXIS 11381, 2005 A.M.C. 1632, 1638 (S.D.N.Y. 2005) (citing <u>ACE Capital Re. Overseas, Ltd. v. central United Life Ins. Co.</u>, 307 F.3d 24, 28-29 (2d Cir. 2002); <u>Milgrim v. Backroads, Inc.</u>, 142 F. Supp. 2d 471, 476 (S.D.N.Y. 2001)). "The court may dismiss an action if all the claims in that action are arbitrable." <u>Marubeni Am. Corp. v. M/V Ohfu</u>, 1996 A.M.C. 1051, 1056 (S.D.N.Y. 1996) (citing <u>Alford v. Dean Witter Reynolds, Inc.</u>, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues

3

raised in the district court must be submitted to arbitration.")).

Summary judgment is appropriate, if the record shows, "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). If the moving party shows an absence of evidence to support the non-moving party's case in this regard, the non-moving party then bears the burden to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 323-25, 106 S. Ct. 2548, 2554 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). Evidence that is merely colorable or not sufficiently probative will not defeat an otherwise proper motion for summary judgment. Anderson, 477 U.S. at 249, 106 S. Ct. at 2591.

Defendant BRYGGEN SHIPPING AND TRADING A.S (BRYGGEN) respectfully submits that plaintiff's cause of action should be dismissed or stayed in favor of London arbitration, and that litigation of this matter in Nigeria should be enjoined. In the alternative, a declaration should issue limiting any recovery by plaintiff to $500 pursuant to the compulsorily applicable COGSA liability limitation.

4

**POINT I.**        **PLAINTIFF'S CLAIM SHOULD BE DISMISSED OR STAYED, DECLARED TO BE SUBJECT TO BINDING ARBITRATION IN LONDON, AND ENJOINED FROM BEING LITIGATED IN NIGERIA.**

Forum selection or arbitration clauses are presumptively valid and should, generally, be given full effect. <u>Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer</u>, 515 U.S. 528, 1995 A.M.C. 1817, 1827 (1995); <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 595, 1991 A.M.C. 1697, 1705 (1991); <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 629, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 728, 1972 A.M.C. 1407 (1972) ("The expansion of American business and industry will hardly be encouraged if, notwithstanding solemn contracts, we insist on a parochial concept that all disputes must be resolved under our laws and in our courts"); <u>Scherck v. Alberto-Culver Co.</u>, 417 U.S. 506, 519, 94 S.Ct. 2449, 41 L.Ed.2d 290 (1974); <u>see also</u>, <u>J.C.B. Sales Ltd. v. Wallenius Lines</u>, 124 F.3d 586, 592 (2d Cir. 1997); <u>Mitsui & Co. (USA), Inc. v. Mira M/V</u>, 111 F.3d. 36, 1997 A.M.C. 2126, 2129 (5th Cir. 1997).

There is a strong federal policy favoring arbitration, and "any doubts concerning the scope of arbitrable issue should be resolved in favor of arbitration." <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983); <u>see also</u>, <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 213, 221 (1985); <u>Oldroyd v. Elmira Savings Bank, FSB</u>, 134 F.3d 72, 75-76 (2d Cir. 1998); <u>Seguros Banvenez S.A. v. Oliver Drescher</u>, 761 F.2d 855 (2d Cir. 1985).

Moreover, it is well-settled that a "broad" forum selection clause, governing "all" claims arising under the bill of lading, covers disputes connected to the carriage, even when claims are alleged to fall outside the contract on bailment or tort theories. See, Thyssen, Inc. v. M/V Markos N, 1999 U.S. Dist. LEXIS 12578, aff'd sub nom., Thyssen, Inc. v. Calypso Shipping Corp., 310 F.3d 102 (2d Cir. 2002), cert. denied, 123 S. Ct. 1573 (2003); Robalen, Inc. v. Generale de Banque, S.A., 1998 U.S. Dist. LEXIS 3931 (S.D.N.Y. March 27, 1998); see also, F.D. Import & Export Corp. v. M/V Reefer Sun, 248 F. Supp. 2d 240 (S.D.N.Y. 2002).

Since the bill of lading constitutes the contract of carriage pursuant to which plaintiff brings claim against the vessel owners, owners may assert, as against the plaintiff, any defenses in that bill of lading, including the right to proceed in an alternate forum. See, Import Export Steel Corp. v. Mississippi Valley Barge Line Co., 351 F.2d 503 (2d Cir. 1965); Associated Metals & Minerals Corp. v. M/V Arktis Sky, 1991 A.M.C. 1499 (S.D.N.Y. 1991); Midland Tar Distillers, Inc. v. M.T. Lotos, 362 F. Supp. 1311, 1312 (S.D.N.Y. 1973); see also, Fireman's Fund Ins. Co. v. Cho Yang Shipping Co., 131 F.3d 1336, 1998 A.M.C. 583, 585 (9th Cir. 1997); Reed & Barton Corp. v. M.V. Tokio Express, 1999 A.M.C. 1088 (S.D.N.Y. 1999); Union Steel Am. Co. v. M/V Sanko Spruce, 1999 A.M.C. 372, 375 n.2 (D. Or. 1998); Bison Pulp & Paper Ltd. v. M/V Pergamos, 1996 A.M.C. 2022 (S.D.N.Y. 1995).

But, in any event, where a charterparty is incorporated by reference in a bill of lading, the courts routinely apply the

6

charterparty's forum selection or arbitration clause against non-signatories claiming under the bill of lading. Son Shipping Co. v. De Fosse & Tanghe, 199 F.2d 687, 1952 A.M.C. 1931, 1933 (2d Cir. 1952) ("Where terms of the charter party are, as here, expressly incorporated into the bills of lading they are a part of the contract of carriage and are binding upon those making claim for damages for the breach of that contract just as they would be if the dispute were between the charterer and the shipowner."); Lucky Metals Corp. v. M/V Ave, 1996 A.M.C. 265, 268 (S.D.N.Y. 1995) ("The clause in the charter party at issue is a 'broad' clause: it requires arbitration of 'any dispute' which 'arises under' the charter party.").

It is well-established that incorporation of a charter party's terms in a bill of lading may be readily accomplished by reference to the date of, or parties to, the charter party. Continental Ins. Co. v. Polish S.S. Co., 346 F.3d 281 (2d Cir. 2003); Steel Warehouse Co. v. Abalone Shipping Ltd., 114 F.3d 234, 1998 A.M.C. 2054, 2058 (5th Cir. 1998); Continental Ins. Co. v. M/V Nikos N, 2002 A.M.C. 1287, 1290-91, 2002 U.S. Dist. LEXIS 6029 (S.D.N.Y. 2002); Thyssen, Inc. v. M/V Markos N, 1999 A.M.C. 2515, 2518 (S.D.N.Y. 1999), aff'd, 310 F.3d 102 (2d Cir. 2002); Kaystone Chem., Inc. v. Bow-Sun, 1989 A.M.C. 2976, 2979 (S.D.N.Y. 1989); Continental U.K. Ltd. v. Anagel Confidence Compania Naviera, S.A., 658 F. Supp. 809, 813 (S.D.N.Y. 1987).

And, where the sanctity of forum-selection contracts and/or the strong public policy behind the need to enforce United States

7

statutes, including COGSA and/or the Federal Arbitration Act, would be jeopardized, courts have not hesitated to enjoin foreign lawsuits between the same parties and concerning the same subject matter. See, SG Avipro Finance LTD. v. Cameroon Airlines, No. 05 Civ. 655 (LTS), 2005 U.S. Dist. LEXIS 11117 (S.D.N.Y. Jun. 8, 2005) ("[T]he Court finds that the enjoining forum's strong public policy in favor of arbitration, particularly in international disputes, would be threatened if CA were permitted to pursue the Cameroon Action.") (citations omitted); Farrell Lines Inc. v. Columbus Cello-Poly Corp., 32 F. Supp. 2d 118, 130 (S.D.N.Y. 1997) ("Although it remains unclear whether defendant is correct about Italian law, it is clear that defendants are attempting to evade the liability limitations that were the basis of their bargain, in violation of public policy."), aff'd sub nom, Farrell Lines Inc. v. Ceres Terminals, 116 F.3d 115 (1998); International Fashion Prod's, B.V. v. Calvin Klein, Inc., No. 95 Civ. 0982 (JFK), 1995 U.S. Dist. LEXIS 2598 (Mar. 7, 1995) ("[T]he Court finds that the commencement and existence of the Netherlands action violates New York's public policy. New York has a well established public policy of enforcing forum selection agreements.").

In the case at bar, plaintiff seeks damages arising from the alleged contamination of a cargo of base oil shipped from the United States port of Paulsboro to Lagos, Nigeria aboard the M/V BEFFEN pursuant to Tanker Bills of Lading numbered 1, 2, and 3 dated February 6, 2004. (Complaint, Exhibit 1 to Landoey Declaration; Statement of Claim, Exhibit 5 to Landoey Declaration).

8

All three bills of lading contain the identical language that "[t]his shipment is carried under and pursuant to the terms of the Charter Party dated 31 December 2003 between Chemlube International Inc. as Charterer and Bryggen Shipping and Trading A/S as Owner and all conditions and exceptions whatsoever thereto." (Landoey Declaration, at ¶ 2; Bill of Lading, Exhibit 2A).

According to the fixture, the charter party is dated "31ST DECEMBER 2003." (Charter Party, Exhibit 2B to Landoey Declaration). The fixture references the "ASBATANK C/P" and the "CHEMLUBE TERMS." Id. Clause 24 of the ASBATANKVOY form calls for arbitration of "[a]ny and all disputes" in London or New York, "whichever place is specified" elsewhere in the charter. (ASBATANKVOY Terms, Exhibit 2C to Landoey Declaration, at ¶ 24). Clause 23 of the Chemlube Terms states "General Average/Arbitration clause General average, arbitration to be in London, English law to apply." (Chemlube Terms, Exhibit 2D to Landoey Declaration, at ¶ 23). This language is more than sufficient to bind plaintiff to mandatory London arbitration.

Plaintiff thus obtained a bond to secure the claim in Nigeria, where the vessel could be threatened with arrest, (Landoey Declaration, at ¶ 4 ; Statement of Claim, Exhibit 5 to Landoey Declaration), but commenced arbitration with BRYGGEN and appointed an arbitrator for the claim in London, conceding the applicability of the London arbitration agreement. (Letter dated March 4, 2005, Exhibit 3 to Landoey Declaration) ("We now call upon you to join in the appointment of a sole arbitrator in respect of all and any

9

claims arising under the above Bills of Lading in accordance with the reference 'arbitration to be in London' at Clause 23 of the Chemlube Terms dated September 2002 which form part of the Charterparty/Fixture Note date 31st December 2003 which, in turn, is incorporated into the Bills of Lading contracts.").

However, Clause 20 of the ASBATANKVOY Terms contractually incorporates the United States Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1300 et seq., (ASBATANKVOY Terms, Exhibit 2C to Landoey Declaration), and the fixture's notation of "FREIGHT LUMPSUM" also confirms that the cargo would be considered as one "customary freight unit" for the purposes of the COGSA limitation of liability, 46 U.S.C. § 1304(5). (Charter Party, Exhibit 2B to Landoey Declaration); see also supra POINT II.

Plaintiff thus proceeded to "withdraw" the arbitration, without BRYGGEN's consent, and expressed its intention to litigate the claim in Nigeria. (Letter dated August 9, 2005, Exhibit 2E to Landoey Declaration). Plaintiff has made it no secret that plaintiff's withdrawal of arbitration and efforts to see the United States action dismissed without prejudice have been perpetrated in an attempt to avoid the application of COGSA and its limitation of liability, since Your Declarant is advised that the Nigerian court would apply domestic law, rather than COGSA. (Landoey Declaration, at ¶ 6; Koku Declaration, Exhibit 4 to Landoey Declaration; Letter dated August 2, 2005, Exhibit 6 to Landoey Declaration). And, while Nigeria's domestic law provides for a liability limitation based on a "package" or "unit," it does not contain a limitation

10

based on the "customary freight unit" provided by COGSA.  Id.

In light of the above, allowing the case to proceed in Nigeria would clearly violate the well-established public policy espoused by this Court in protecting the sanctity of arbitration agreements, as well as enforcement of COGSA.  Not only should plaintiff's claims be dismissed or stayed in favor of arbitration, but plaintiff should be enjoined from litigating the merits in the Nigerian forum.

**POINT II.        IN THE ALTERNATIVE, AND WITH OUT WAIVER OF ARBITRATION, ANY RECOVERY BY PLAINTIFF SHOULD BE LIMITED TO $500 PURSUANT TO THE COGSA LIMITATION OF LIABILITY.**

COGSA provides:

> Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in the case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before the shipment and inserted in the bill of lading.

46 U.S.C. § 1304(5).

It is well-settled that the phrase "customary freight unit" means the unit by which the freight was calculated in the particular case at hand.  See, FMC Corporation v. S.S. Marjorie Lykes, 851 F.2d 78, 1988 A.M.C. 2113 (2d Cir. 1988); General Motors Corp. v. Moore-McCormack Lines, 451 F.2d 24 (2d Cir. 1971); Petition of Imbrandtsen Co., 201 F.2d 281 (2d Cir. 1953); see also, Union Carbide Corp. v. M/V Michele, 764 F. Supp. 783, 786 (S.D.N.Y. 1990) ("The customary freight unit in this case was the

11

transportable tank since the freight charge was computed on lump sum basis for the entire shipment.") (citing <u>Ulrich Amman Bldg. Equip. Ltd. v. M/V Monsun</u>, 609 F. Supp. 87 (S.D.N.Y. 1985)).

As discussed above, in the instant matter, Clause 20 of the ASBATANKVOY Terms contractually incorporates the United States Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1300 <u>et seq.</u>, (ASBATANKVOY Terms, Exhibit 2C to Landoey Declaration), and the fixture's notation of "FREIGHT LUMPSUM" confirms that the cargo would be considered as one "customary freight unit" for the purposes of the COGSA limitation of liability, 46 U.S.C. § 1304(5). Accordingly, there is no question that plaintiff's claim should be limited to $500 under COGSA.

**POINT III.      PLAINTIFF SHOULD NOT BE PERMITTED TO VOLUNTARILY DISMISS ITS CLAIM ABSENT A RULING ON THE ABOVE.**

It should first be noted that plaintiff never sought leave to bring a motion to voluntarily dismiss this case. The first time plaintiff expressed a willingness to dismiss its claims was in the letter of plaintiff's counsel submitted in response to BRYGGEN's required letter seeking a pre-motion conference and laying out the grounds for the motion <u>sub judice</u>. However, "a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." <u>Phillips USA, Inc. v. Allflex USA, Inc.</u>, 77 F.3d 354, 358 (10th Cir. 1996). "[W]hen 'the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief . . . [h]aving been put to the trouble of getting his counter case properly pleaded and ready, he may insist that the cause proceed to

12

a decree.'"  D'Alto v. Dahon California, Inc., 100 F.3d 281 (2d Cir. 1996) (quoting Jones v. Securities & Exchange Comm'n, 298 U.S. 1, 20, 56 S.Ct. 654, 80 L. Ed. 1015 (1936) (quoting Ex parte Skinner & Eddy Corp., 265 U.S. 86, 93-94, 44 S. Ct. 446, 68 L. Ed. 912 (1924))).

But, in any event, Rule 41 anticipated the current situation and mandates that, "**[i]f a counterclaim has been pleaded by a defendant prior to service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counter-claim can remain pending for independent adjudication by the court.**"  Fed. R. Civ. P. 41(a)(2) (emphasis added).  The legitimacy of BRYGGEN's counter-claims are beyond question.  See, Farrell Lines, 32 F. Supp. 2d at 118.  As such, it would be plainly violative of Rule 41 and the policy issues that form its dictate to allow dismissal, over objection, of the plaintiff's claims, so that a race can be conducted to have the dispositive issues raised in the counter-claims decided in a foreign forum.  See, Sparta Florida Music Group, Ltd. v. Chrysalis Records, Inc., 552 F. Supp. 44 (S.D.N.Y. 1982) ("[T]o dismiss Sparta's claim while allowing the counterclaims to continue would be to risk subjecting Chrysalis to inconsistent judgments -- the very risk that the rules of interpleader were created to avoid.").

BRYGGEN's counter-claims aside, a voluntary dismissal without prejudice will only be allowed "'if the defendant will not be prejudiced thereby.'"  D'Alto, 100 F.3d at 283 (quoting Wakefield

13

v. Northern Telecom Inc., 769 F.2d 109, 114 (2d Cir. 1985)). Of course, "[a] plaintiff's voluntary dismissal may substantially prejudice the defendant if it effectively strips him of a defense that would otherwise be available." See, Ikospentakis v. Thalassic S.S. Agency, 915 F.2d 176, 177 (5th Cir. 1990). It is no secret that the Rule 41(a)(2) dismissal is sought solely to conduct an end-run around the application of COGSA and its $500 liability limitation on a $2,000,000 claim. If this would not amount to "plain legal prejudice," it is difficult to fathom what set of circumstances possibly could.

All of the above notwithstanding, under no conceivable analysis should this Court abet plaintiff's transparent attempt to forum-shop to avoid the important United States policies behind enforcement of the FAA and COGSA. "[Abstention concerns] are not implicated when federal questions are presented since supremacy clause questions are 'essentially ones of federal policy.'" In re: Pan Am. Corp., 950 F.2d 839 (2d Cir. 1991) (quoting Hagans v. Lavine, 415 U.S. 528, 550, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)).

Moreover, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress. Colorado River Water Cons. Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). "[O]nly the clearest of justifications will warrant dismissal." Colorado River, 424 U.S. at 819-20. The court's task is "not to find some substantial reason for the *exercise* of federal jurisdiction by the

14

district court, . . . [but] rather . . . to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 25-26, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); <u>Herbstein v. Bruetman</u>, 743 F. Supp. 184, 187-88 (S.D.N.Y. 1990) ("Without a final judgment from another court, surrender of jurisdiction is justified only under exceptional circumstances.").

Even where the parallel proceeding is before another federal court, the judicial imprimatur to proceed in the other venue "is not ordinarily granted at the request of the party who chose the forum in the first place." <u>Ferrostaal, Inc. v. Union Pacific R.R. Co.</u>, 109 F. Supp. 2d 146, 151 (S.D.N.Y. 2000) (quoting <u>Tucker Anthony, Inc. v. Bankers Trust Co.</u>, No. 93 Civ. 1257, 1994 U.S. Dist. LEXIS 128, at 19 (S.D.N.Y. Jan. 7, 1994)). Such a plaintiff "must show a change of circumstances that has taken place since the filing of suit in order to prevail, since the plaintiff initially chose the forum." <u>Harry Rich Corp. v. Curtiss-Bright Corp.</u>, 308 F. Supp. 1114, 1118 (S.D.N.Y. 1969); <u>see also</u>, <u>Atlantic Mutual Ins. Co. v. CSX Expedition</u>, 00 Civ. 7668, 2003 U.S. Dist LEXIS 13071, at *9 (S.D.N.Y. July 29, 2003) ("Because a plaintiff has already had the opportunity to choose the forum when filing the action, there is a long history in this district of requiring a plaintiff to demonstrate a 'change in circumstances' that has taken place since the filing of suit in order to prevail.") (quoting <u>Ferrostaal, Inc.</u>

15

<u>v. M/V Eagle</u>, 02 Civ. 1887, 2003 WL 214966, at \*2, 2003 U.S. Dist. LEXIS 10980, 2003 A.M.C. 1980 (S.D.N.Y. Jun. 20, 2003)).

And, even if it were a consideration applicable to the instant matter, "[t]he primary rationale of the 'first-filed rule,' favoring the forum first selected, is not applicable when the party who filed the first lawsuit seeks transfer of its actions." <u>Dana Corp. v. The Goodyear Tire & Rubber Co.</u>, C.A. No. 85-1162-W, 1985 U.S. Dist. LEXIS 15471 (D. Mass. Sep. 30, 1985).

Nor could comity concerns possibly weigh in favor of proceeding in Nigeria under the facts at hand. The New York action would be dispositive of the Nigerian action, but not <u>vice versa</u>. "Each bill of lading is considered a separate transaction, and each sets forth the duties and agreements between the parties for a particular subset of goods." <u>Timbauba Agricola S.A. v. M/V Cap San Raphael</u>, 2004 U.S. Dist. LEXIS 24181, \*\*8-9, 2005 A.M.C. 139 (E.D. Pa. 2004) ("Therefore, amendments identifying additional bills of lading do not 'relate back' to the original Complaint when filed after the statute of limitations has expired."); <u>Shipping Corp. of. India v. Pan Am. Seafood, Inc.</u>, 583 F. Supp. 1555, 1557, 1985 A.M.C. 455, 457-58 (S.D.N.Y. 1984) (holding claim arising from one bill of lading does not relate back pursuant to Rule 15 to suit timely commenced under another, because "[t]hat they were separate transactions is manifest"). The Nigerian lawsuit concerns only a lesser included portion of the claim asserted in New York, since the Nigerian action involves only one of the three bills of lading, and thus only $500,000 in purported damages, while the London and

16

New York proceedings were brought pursuant to all three bills of lading and allege damages in the amount of $2,000,000. (Complaint, Exhibit 1 to Landoey Declaration; Letter dated March 4, 2005, Exhibit 3 to Landoey Declaration; Statement of Claim, Exhibit 5 to Landoey Declaration).

Moreover, aside from issuing the order of arrest, the case has not been meaningfully prosecuted in Nigeria. (Koku Declaration, Exhibit 4). The Nigerian court has not reached the merits of the case. Id. Now that plaintiff's intentions have become clear, a hearing has been scheduled, but still only as to preliminary matters, and will not even go forward until October 6, 2005. Id.

Dismissal of this case absent a ruling on the arbitration issue would thus be completely inappropriate on any one of the above-mentioned grounds.

17

**CONCLUSION.**

WHEREFORE, BRYGGEN urges the Court to grant the instant motion for an order, pursuant to Rules 12(b)(3) and 56 of the Federal Rules of Civil Procedure, 9 U.S.C. §§ 3 and 201 <u>et seq.</u>, and 46 U.S.C. § 1304(5), dismissing or staying plaintiff's claim in favor of London arbitration and enjoining litigation of this dispute in Nigeria, or, in the alternative, declaring that any recovery by plaintiff shall be limited to the $500 limitation of liability, and granting to BRYGGEN such other and further relief as this Honorable Court may deem just and proper.

Dated:  New York, New York
        September 9, 2005

                              Respectfully submitted,

                              MAHONEY & KEANE, LLP
                              Attorneys for Defendants
                              BRYGGEN SHIPPING & TRADING A.S.

                    By:       _____
                              Edward A. Keane (EK 1398)
                              111 Broadway, Tenth Floor
                              New York, New York 10006
                              (212) 385-1422

TO:  HILL RIVKINS & HAYDEN LLP
     Attorneys for Plaintiff
     45 Broadway  Suite 1500
     New York, New York  10006
     (212) 669-0600

18

STATE OF NEW YORK    :
                     :  SS.:
COUNTY OF NEW YORK :


                    MARIE T. CUSH being sworn says:  I am not a
party to the action, am over 18 years of age and reside at 311
Travers Place, Lyndhurst, N.J.

                    On Septemer 9, 2005, I served a true copy of
the annexed MEMORANDUM OF LAW IN SUPPORT OF MOTION

TO:    HILL RIVKINS & HAYDEN LLP
       Attorneys for Plaintiff
       45 Broadway  Suite 1500
       New York, NY 10006
       (212) 669-0600

on this date by mailing the same in a sealed envelope, with postage
prepaid thereon via FEDERAL EXPRESS

                                        _____
                                        MARIE T. CUSH


Sworn to before me this
9th day of September, 2005


_____
     Notary Public


GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO6076049
Qualified in New York County
Term Expires  4/28/07