UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X    **05 CIV 2590 (SAS)**
IBETO PETROCHEMICAL INDUSTRIES,
LTD.,

                         Plaintiff,

          -against-

M/T "BEFFEN", her engines, tackle,
boiler, etc  *in rem;* and BRYGGEN
SHIPPING AND TRADING A/S,  *in
personam,*

                     Defendants.
----------------------------------------X


**MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR RULE 41(a)(2) DISMISSAL**


Edward A. Keane (EK 1398)
Garth S. Wolfson (GW 7700)

    Of Counsel

**MAHONEY & KEANE, LLP
Attorneys for Defendant
BRYGGEN SHIPPING AND TRADING A.S.
111 Broadway, Tenth Floor
New York, New York 10006
(212) 385-1422**

# **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES.............................................ii

ARGUMENT.........................................................1

    PRELIMINARY STATEMENT........................................1

    POINT I.        PLAINTIFF SHOULD NOT BE PERMITTED TO
                    VOLUNTARILY DISMISS THE ACTION WHILE
                    BRYGGEN'S DISPOSITIVE MOTION REMAINS
                    PENDING.......................................1

    POINT II.      THE PLAIN LEGAL PREJUDICE WHICH WOULD
                    BE SUFFERED BY BRYGGEN IS READILY
                    APPARENT......................................4

    POINT III.     BRYGGEN'S COUNTER-CLAIMS ARE ENTIRELY
                    VALID.........................................8

    CONCLUSION.................................................11

## TABLE OF AUTHORITIES

Page

*Cases:*

Asoma v. M/V Southgate,
99 U.S. Dist. LEXIS 18974, 2000 A.M.C. 399 (S.D.N.Y. 1999)........3

Capon v. Ladenburg, Thalman Co.,
No. 02-16735, 2004 U.S. App. LEXIS 209 (9th Cir. Jan. 7, 2004)....8

D'Alto v. Dahon California, Inc.,
100 F.3d 281 (2d Cir. 1996)......................................1

Ex parte Skinner & Eddy Corp.,
265 U.S. 86, 44 S. Ct. 446, 68 L. Ed. 912 (1924).................2

Farrell Lines Inc. v. Columbus Cello-Poly Corp., 32 F. Supp.
2d 118 (S.D.N.Y. 1997), aff'd sub nom, Farrell Lines Inc. v.
Ceres Terminals Inc., 161 F.3d 115 (2d Cir. 1998)...........7,9,10

International Fashion Prod's, B.V. v. Calvin Klein, Inc., No.
95 Civ. 0982 (JFK), 1995 U.S. Dist. LEXIS 2598 (Mar. 7, 1995)....10

Jones v. Securities & Exchange Comm'n,
298 U.S. 1, 56 S.Ct. 654, 80 L. Ed. 1015 (1936).................1

Paramedics Electromedicina Comercial, Ltda.,
369 F.3d 645 (2d Cir. 2004)....................................9,10

Phillips USA, Inc. v. Allflex USA, Inc.,
77 F.3d 354 (10th Cir. 1996)....................................1

Puerto Rico Maritime Shipping Auth. v. Leith,
668 F.2d 46 (1st Cir. 1981).....................................6

SG Avipro Finance LTD. v. Cameroon Airlines, No. 05 Civ. 655
(LTS), 2005 U.S. Dist. LEXIS 11117 (S.D.N.Y. Jun. 8, 2005).......10

Sparta Florida Music Group, Ltd. v. Chrysalis Records, Inc.,
552 F. Supp. 44 (S.D.N.Y. 1982).................................4

Thyssen Inc. v. Calypso Shipping Corp.,
2001 A.M.C. 198, 2 Lloyd's Rep. 243 (Q.B.D. 2000)...............3

Vimar Seguros Y Reaseguros, A.A. v. M/V Sky reefer,
515 U.S. 528 (1995).............................................7

*Statutes and Rules:*

9 U.S.C. §§ 3 and 201 <u>et seq.</u> ................................... 11

46 U.S.C. § 1303 (6) .......................................... 3

46 U.S.C. § 1304 (5) .......................................... 11

Fed. R. Civ. P. 12 (b) (3) ..................................... 11

Fed. R. Civ. P. 41 (a) (1) ..................................... 2

Fed. R. Civ. P. 41 (a) (2) ..................................... 4,8

Fed. R. Civ. P. 56 ............................................ 11

Fed. R. Civ. P. 57 ............................................ 8

**REPLY ARGUMENT**

**PRELIMINARY STATEMENT.**

Plaintiff moves for an order voluntarily dismissing the underlying action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Defendant BRYGGEN SHIPPING AND TRADING A.S (BRYGGEN) anticipated plaintiff's argument, which has already been largely addressed in POINT III of the Memorandum of Law submitted in support of BRYGGEN's pending motion for an anti-suit injunction and other relief, and the Court is thus respectfully referred to BRYGGEN's prior motion papers, which BRYGGEN would respectfully incorporate in opposition to plaintiff's motion. Nonetheless, BRYGGEN provides below the following additional response to the points raised by plaintiff.

**POINT I.        PLAINTIFF SHOULD NOT BE PERMITTED TO VOLUNTARILY DISMISS THE ACTION WHILE BRYGGEN'S DISPOSITIVE MOTION REMAINS PENDING.**

Again, "a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." <u>Phillips USA, Inc. v. Allflex USA, Inc.</u>, 77 F.3d 354, 358 (10th Cir. 1996). "[W]hen 'the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief . . . [h]aving been put to the trouble of getting his counter case properly pleaded and ready, he may insist that the cause proceed to a decree.'" <u>D'Alto v. Dahon California, Inc.</u>, 100 F.3d 281 (2d Cir. 1996) (quoting <u>Jones v. Securities & Exchange Comm'n</u>, 298 U.S. 1, 20, 56 S.Ct. 654, 80

1

L. Ed. 1015 (1936) (quoting <u>Ex parte Skinner & Eddy Corp.</u>, 265 U.S. 86, 93-94, 44 S. Ct. 446, 68 L. Ed. 912 (1924))).

To reiterate, the plaintiff in this case never sought leave to bring a motion to voluntarily dismiss this case. (Keane Declaration, at ¶ 6). The first time plaintiff expressed a willingness to dismiss its claims was in the letter of plaintiff's counsel submitted in response to BRYGGEN's required letter seeking a pre-motion conference and laying out the grounds for the motion <u>sub judice</u>. <u>Id</u>. The Declaration of plaintiff's counsel stating that "Plaintiff intended to dismiss this action under Rule 41(a)(1), however, prior to so moving was served with defendant's answer," (Willoughby Declaration, at ¶ 12), hardly alters the analysis. And, in any event, this case remained pending for more than five months before service was accomplished and BRYGGEN interposed its Answer, so plaintiff plainly had ample opportunity in the exercise of due diligence to dismiss the action pursuant to Rule 41(a)(1) if it really had any such intention.

Plaintiff's motivation for invoking this Court's jurisdiction is, of course, irrelevant. But, it should nonetheless be noted, the statement by plaintiff's counsel that the New York action was commenced "purely as a precaution and to protect time for suit," (Willoughby Declaration, at ¶ 9), is also belied by the record. In light of the London arbitration agreement, of which plaintiff was admittedly well-aware at the time, (Letter dated March 4, 2005, Exhibit 3 to Landoey Declaration), commencement of suit in New York had no bearing whatsoever on the protection of time. Proceedings

2

had already been commenced in London, as well as Nigeria.  And, under settled law, commencement of suit in the United States did not toll the one-year statute of limitations, under COGSA and the governing contract of carriage, in the agreed forum.  46 U.S.C. § 1303(6).  United States courts will enforce an otherwise valid arbitration clause, even where the plaintiff would be time-barred in the chosen forum.  See, Asoma v. M/V Southgate, 99 U.S. Dist. LEXIS 18974, 2000 A.M.C. 399, 402-3 (S.D.N.Y. 1999), and English courts will not allow a time-barred claim to be revived because the plaintiff originally commenced suit in an inappropriate forum. See, Thyssen Inc. v. Calypso Shipping Corp., 2001 A.M.C. 198; 2 Lloyd's Rep. 243 (Q.B.D. 2000).  So, clearly, plaintiff had other intentions in mind, until it realized that the COGSA limitation of liability provided defendants with a claim not previously considered.

Nor, under these circumstances, is there any device known in the Federal Rules for a restricted or limited appearance in prosecuting a suit, e.g. to only "protect" a cause of action or to prosecute a claim only until the defense appears to be prevailing. Once the plaintiff voluntarily availed itself of the Court's plenary powers by filing and serving its lawsuit, it placed itself and its pleaded contentions fully before this Court, whatever its secret stratagems may have been.

In any event, plaintiff's attempt to dismiss its own lawsuit is now simply too late.  BRYGGEN's extensive motion for summary judgment on its counter-claims has been fully briefed and is

3

pending before this Court.  It would thus be totally inappropriate at this juncture to allow plaintiff to retreat from the course it set in motion when it hailed BRYGGEN into this Court five months ago.

**POINT II.        THE PLAIN LEGAL PREJUDICE WHICH WOULD BE SUFFERED BY BRYGGEN IS READILY APPARENT.**

First, it must be noted, plaintiff's argument that, in the absence of plain legal prejudice, "district courts have wide discretion in determining whether to grant a plaintiff's motion to dismiss under Rule 41(a)(2)," (Plaintiff's Memorandum of Law, at 2), is inapplicable to this case. As discussed in BRYGGEN's prior Memorandum of Law, that discretion is not present when counter-claims have been asserted.  See Fed. R. Civ. P. 41(a)(2) ("If a counterclaim has been pleaded by a defendant prior to service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counter-claim can remain pending for independent adjudication by the court.") See also, Sparta Florida Music Group, Ltd. v. Chrysalis Records, Inc., 552 F. Supp. 44 (S.D.N.Y. 1982).

Even were the Court to enjoy that discretion, the factors cited by plaintiff for consideration all militate against a dismissal without prejudice in this case. (Plaintiff's Memorandum of Law, at 3).  Waiting more than five months until after the defendant has moved for summary judgment can hardly be said to demonstrate plaintiff's diligence in bringing the motion.    If commencing three separate proceedings in three different countries and constraining the defendant to retain three different sets of

4

lawyers for no other reason than to meet plaintiff's efforts to shop around for the best venue is not vexatious, one can only wonder what possible set of circumstances would be. Suit in New York has progressed to the point where, by virtue of BRYGGEN's pending motion, multiple dispositive issues are presently ripe for adjudication. The duplicative expense of relitigating these issues in other fora is self-evident. And, as far as plaintiff's explanation for the need to dismiss is concerned, there has been none.

Moreover, plaintiff has conceded that, in any event, dismissal without prejudice should not be permitted, where the defendant would suffer plain legal prejudice. However, plaintiff argues only in a conclusory manner that BRYGGEN would not be prejudiced by the dismissal of the action so that suit may go forward in Nigeria instead. Amazingly, plaintiff's motion papers make no mention whatsoever of the loss of the London arbitration agreement and the COGSA limitation of liability, which plaintiff is well-aware BRYGGEN, and plaintiff, have asserted to be at stake. The absence from plaintiff's papers of a discussion of the particular issues at hand is telling: the argument simply can not in good faith be made that BRYGGEN would not be plainly prejudiced by loss of its ability to defend these claims in the forum contractually selected by the parties and loss of the United States liability regime which would vastly reduce any liability.

The parties not only contracted for COGSA, but also hinged their agreement on the requirement that the statute be construed in

a forum with a long history of dealing with maritime matters in a manner that afforded both confidence and predictability. London arbitration was thus chosen. If for some reason, though BRYGGEN can think of none, plaintiff should not be bound to its contractual undertaking as to forum, then BRYGGEN would call upon this Court to rule on the matter of the limitation. But the very heart of the agreement would be undermined by allowing this case to proceed in Nigeria, which plaintiff asserts would not honor the agreement of the parties and would not apply the United States statute. (Letter dated August 2, 2005, Exhibit 6 to Landoey Declaration; Koku Declaration, Exhibit 5 to Landoey Declaration).

Plaintiff has presented no authority in support of its position and can only cite generally to <u>Puerto Rico Maritime Shipping Auth. v. Leith</u>, 668 F.2d 46, 50-51 (1st Cir. 1981), which, according to plaintiff, found "the defendant would apparently not be legally prejudiced because they would 'not be precluded from raising any defenses, or asserting any claims, in the [Puerto Rico] Commonwealth Court.'" (Plaintiff's Memorandum of Law, at 3-4). Of course, in the case at bar, plaintiff is not seeking to litigate before a United States commonwealth's court. In the case at bar, the very motivation for plaintiff's application for a dismissal without prejudice is to litigate this case in a forum which plaintiff has itself maintained <u>would</u> preclude BRYGGEN from raising claims and asserting defenses on these two key issues. (Letter dated August 2, 2005, Exhibit 6 to Landoey Declaration; Koku Declaration, Exhibit 5 to Landoey Declaration). And, under no

conceivable analysis would a United States court divest itself of a controversy to allow the dispute to be heard in a jurisdiction which would address the case in a manner substantially inconsistent with United States public policy.  See, generally, Farrell Lines Inc. v. Columbus Cello-Poly Corp., 32 F. Supp. 2d 118 (S.D.N.Y. 1997), aff'd sub nom, Farrell Lines Inc. v. Ceres Terminals Inc., 161 F.3d 115 (2d Cir. 1998); see also, Vimar Seguros Y Reaseguros, A.A. v. M/V Sky reefer, 515 U.S. 528, 540 (1995).

The prosecution of the claim in Nigeria would also work a clear prejudice in that the security held is accruing at an interest rate of 35%, which would be unconscionable under English or United States law. (Letter dated August 2, 2005, Exhibit 6 to Landoey Declaration). Of course, were the action to proceed only in the United Kingdom, as intended by the parties' contract, or the United States, no such rate of interest would be obtainable, and plaintiff's use of that rate to attempt to leverage a settlement on plaintiff's terms would be rightly removed from this case.  Id. Substitute security might then be provided to the Court in the proper forum.

In addition, as discussed below, even assuming arguendo the court in Lagos could provide a sufficient resolution on these issues, the pendency of the foreign action should pose no bar to BRYGGEN's counter-claims for declaratory relief. Farrell Lines, 32 F. Supp. 2d 118 at 125 ("[D]efendants argue that plaintiff has an adequate remedy at law in the Italian action. However, even if the Italian action offers an adequate remedy, that does not preclude

declaratory relief.') (citing Fed. R. Civ. P. 57).

POINT III.        BRYGGEN'S COUNTER-CLAIMS ARE ENTIRELY VALID.

Plaintiff has brought no motion for summary judgment on BRYGGEN's counter-claims. Nor has any declaration, aside from counsel's, been provided so as to support any such application. Nonetheless, plaintiff asks the Court to dismiss them as somehow illegitimate, mere defenses which can not stand on their own.

In support, plaintiff relies on the case of Capon v. Ladenburg, Thalman Co., No. 02-16735, 2004 U.S. App. LEXIS 209 (9th Cir. Jan. 7, 2004). But, again, the Capon decision lends no support to plaintiff's position and confirms BRYGGEN's. The Capon defendant merely moved to compel arbitration; there was no counter-claim to consider, and the court took pains to make plain that this was the sole reason for its finding that Rule 41(a)(2) posed no bar to the dismissal. Id.

> Greenwell also fails in his argument that the motion to compel arbitration is a counterclaim for specific performance, prohibiting the court from dismissing the complaint without prejudice under Rule 41(a)(2) . . . In this case, neither Greenwell nor any other defendant filed counterclaims against Capon. The only substantive claims for relief at issue in this case were Capon's; neither Greenwell nor any other defendant asserted independent claims for relief . . . A motion of this kind, which seeks to determine the forum for resolution of an opponent's claim for relief, is no more a counterclaim than is a motion to change venue on forum non conveniens grounds, or a motion to transfer under 28 U.S.C. § 1631.

Id. at 401. Claims, including counter-claims, to enforce arbitration agreements are specifically authorized by the FAA and

8

are routinely adjudicated by the federal courts, without being summarily dismissed as mere defenses masquerading as claims. See, e.g., Paramedics Electromedicina Comercial, Ltda., 369 F.3d 645 (2d Cir. 2004). Accordingly, the Capon court could not be clearer that its decision rested merely on the defendant's failure to seek relief by way of a counterclaim, a situation wholly inapplicable to the instant matter.

And, to the extent Capon could be interpreted in any other fashion, it would run directly afoul of clear Second Circuit precedent precisely on point with this question. The very argument urged by plaintiff; that causes of action to enforce a forum-selection agreement, enjoin a foreign suit, and apply the COGSA limitation of liability are mere defenses which should not withstand dismissal; was previously asserted in Farrell Lines, 32 F. Supp. 2d at 118, wherein the plaintiff's counsel at bar argued in their Memorandum of Law (excerpt attached) that "the only 'right' [Farrell] seeks to enforce is nothing more than an anticipatory defense. As such, Farrell's complaint should be dismissed." The Farrell Lines court, subsequently affirmed by the Second Circuit, emphatically rejected the argument then:

> Here, there exists a controversy of sufficient immediacy to warrant a declaratory judgment action . . . This is an actual controversy over plaintiff's liability [under the COGSA limitation of liability] for damage to cargo . . . Also, there is an additional controversy relating to the validity of the forum selection clause . . . Once again, especially in light of the pendency of the Italian action, this is an actual controversy that will be resolved by declaratory judgment.

Id. at 124.  And this Court should reject it now.

Indeed, the instant matter presents a case for the Court's adjudication of the declaratory judgment claims far more compelling than Farrell Lines, since, in this case, unlike Farrell Lines, it is the opposing party which invoked the Court's jurisdiction in the first place.  This distinction was repeatedly stressed by plaintiff's counsel in the papers they submitted in Farrell Lines, the very first line of the very first POINT in their Memorandum of Law (excerpt attached) reading "Farrell Lines has sued for declaratory relief in this court despite the fact that it was never threatened with legal action in the United States."  Under no stretch of the imagination can BRYGGEN's claims be reasonably characterized as "anticipatory" preemptive filings or ones addressing no actual case or controversy.  In this case, plaintiff sued BRYGGEN in this Court, and BRYGGEN has raised claims based on two compulsorily applicable United States statutes, and what have already been ruled to be particularly strong United Sates public policies.  See id.; see also, Paramedics, 369 F.3d at 645; SG Avipro Finance LTD. v. Cameroon Airlines, No. 05 Civ. 655 (LTS), 2005 U.S. Dist. LEXIS 11117 (S.D.N.Y. Jun. 8, 2005); International Fashion Prod's, B.V. v. Calvin Klein, Inc., No. 95 Civ. 0982 (JFK), 1995 U.S. Dist. LEXIS 2598 (Mar. 7, 1995).  To, as plaintiff seems to ask, sua sponte dismiss BRYGGEN's claims under these circumstances would thus not only lead to a palpably unjust result, but would be truly unprecedented on the law.

**CONCLUSION.**

WHEREFORE, BRYGGEN urges the Court to deny plaintiff's motion for a voluntary dismissal, without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure; grant BRYGGEN's motion for an order, pursuant to Rules 12(b)(3) and 56 of the Federal Rules of Civil Procedure, 9 U.S.C. §§ 3 and 201 <u>et seq.</u>, and 46 U.S.C. § 1304(5), dismissing or staying plaintiff's claim in keeping with London arbitration agreement and enjoining litigation of this dispute in Nigeria, or, in the alternative, declaring that any recovery by plaintiff shall be limited to the $500 limitation of liability; and award to BRYGGEN such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, New York
          September 30, 2005

                              Respectfully submitted,

                              MAHONEY & KEANE, LLP
                              Attorneys for Defendants
                              BRYGGEN SHIPPING & TRADING A.S.


          By:  _____
                              Edward A. Keane (EK 1398)
                              111 Broadway, Tenth Floor
                              New York, New York 10006
                              (212) 385-1422


TO:    HILL RIVKINS & HAYDEN LLP
       Attorneys for Plaintiff
       45 Broadway  Suite 1500
       New York, New York  10006
       (212) 669-0600

11

was made in Italy where it was to be performed in part.   This alone forms the basis for dismissal of the instant action because there exists in the jurisprudence of this country a strong and well established disapproval of forum shopping and the filing of a declaratory judgment action in anticipation of an action to be filed in another jurisdiction.  <u>Pacific Employers Insurance Company v. M/V Capt. W.D. CARGILL</u>, 751 F.2d 801, 804 (5th Cir. 1985); <u>cert. denied</u> 474 U.S. 909, 106 S.Ct. 279 (1985); <u>Mission Insurance Company v. Puritan Fashions Corporation</u>, 706 F.2d 599, 602 (5th Cir. 1983).

Indeed it should be well settled that a declaratory judgment action should not be permitted as a tactical device to deprive a purported claimant of its "legitimate interests in choice of forum, timing and most importantly avoiding a race to the courthouse." <u>State Farm Fire and Casualty Company v. Taylor</u>, 118 F.R.D. 426, 430 (M.D.N.C. 1988) (and cases cited therein.)  As noted above, Farrell has no cause of action under COGSA in connection with this matter, so the only "right" it seeks to enforce is nothing more than an anticipatory defense. As such, Farrell's complaint should be dismissed.

11

(c)    Under no circumstances should this Court enjoin

the Cargo Interests' prosecution of their claim in

Italy.

## POINT I

### THE COURT SHOULD DISMISS THIS
### DECLARATORY JUDGMENT ACTION

Farrell Lines has sued for declaratory relief in this court despite the facts that it was never threatened with legal action in the United States and that there never was any disagreement between the parties as to how an American court might rule on the limitation of liability issue if the Cargo Interests were to bring an action here.  Rather, Farrell is attempting to use this procedural device in support of a forum shopping exercise and for no legitimate purpose.  Accordingly, Farrell Lines' complaint should be dismissed.


A.  No "actual controversy" exists.


The Declaratory Judgments Act, 28 U.S.C. §2201(a), provides for the discretionary exercise of jurisdiction to grant declaratory relief "in a case of actual controversy."  The sole purpose for Farrell Lines' action here is to force a pre-emptive partial determination that, if the Cargo Interests were to bring an action in the United States for the subject cargo damage, the COGSA package limitation of liability would apply to limit their

6

STATE OF NEW YORK   :
                    :   SS.:
COUNTY OF NEW YORK  :


MARIE T. CUSH being sworn says:   I am not a party to the action, am over 18 years of age and reside at 311 Travers Place, Lyndhurst, N.J.

On September 30, 2005, I served a true copy of the annexed DEFENDANT BRYGGEN'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION  FOR RULE 41(a)(2) DISMISSAL


TO:  HILL RIVKINS & HAYDEN LLP
     Attorneys for Plaintiff
     45 Broadway  Suite 1500
     New York, NY 10006
     (212) 669-0600

on this date by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service.

MARIE T. CUSH


Sworn to before me this
30th day of September, 2005


Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5076941
Qualified in New York County
Term Expires